**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GREGORY L. WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-09-2312 |
| | * | |
| GIANT STORE #327, | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Gregory L. Williams ("Williams") brings this action against Defendant Giant Store #327 ("Giant") asserting claims that relate to Defendant's disciplinary actions against Plaintiff.[1] Currently pending before the Court is Defendant's Motion to Dismiss (Docket No. 8). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motion. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT Defendant's motion.

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] In its Motion to Dismiss (Doc. No. 8), Defendant notes that its proper name is "Giant Food LLC" and that there is no legal entity known as "Giant Store #327." The Court will direct the Clerk of Court to grant Defendant's request that the Court substitute "Giant Food LLC" as the appropriate Defendant in this case.

Fed.R.Civ.P. 8(a)(2).  Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007).  That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

Defendants filed the pending motion on September 4, 2009.  Therefore, Plaintiff's opposition was due no later than September 21, 2009.  To date, Plaintiff has not filed an opposition to Defendant's motion.

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The Fourth Circuit has also held that "[a] district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious . . . the district court should . . .

advise him how to proceed and direct or permit amendment of the pleadings." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

The Court believes that Defendant has raised arguments that support dismissal, and Defendant has appropriately liberally construed the *pro se* Plaintiff's Complaint. Accordingly, the Court will dismiss Plaintiff's Complaint. Plaintiff alleges that his supervisor at the Giant wrongfully issued him written warnings for attendance and time clock violations in April and May 2009 for several separate incidents for which he had medical excuses. In his Complaint, Plaintiff notes that he is a member of the United Food and Commercial Worker International Union ("UFCW").

Defendant contends that the terms and conditions of Plaintiff's employment with the Giant were governed by a Collective Bargaining Agreement ("CBA") between the Giant and the UFCW effective March 30, 2008, through March 31, 2012. Defendant argues that the CBA contains mandatory, final, and binding grievance and arbitration procedures which all employees must follow in workplace disputes.

"[T]he LMRA [Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 *et seq.*] provides the exclusive remedy for violation of contracts between an employer and a labor organization[;]" state law does not provide the remedy in this context. *Birch v. Pepsi Bottling Group, Inc.*, 207 F. Supp. 2d 376, 385 (D. Md. 2002). The Court agrees with Defendant's argument that any state law claims Plaintiff alleges arising out of this incident are inextricably intertwined with the interpretation and analysis of the CBA and thus are preempted by Section 301 of the LMRA. The CBA gives Giant management authority over the workforce and gives Giant the right to discipline employees for good cause, including dishonesty. (Doc. No. 8 at 5.) Thus resolution of any claim regarding this incident would require the Court to analyze the parties' rights under the CBA.

"[U]nless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf. Congress has expressly approved contract grievance procedures as a preferred method for settling disputes." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (U.S. 1965) (citing LMRA § 203 (d), 29 U. S. C. § 173 (d); § 201 (c), 29 U. S. C. § 171 (c) (1958 ed.)). Before a Plaintiff can bring a claim under Section 301 of the LMRA in this Court, he or she must exhaust the grievance and arbitration process under the CBA, as Defendant contends. *See Barbe v. Great Atlantic & Pacific Tea Co.*, 722 F. Supp. 1257, 1263 (D. Md. 1989) ("Before a plaintiff may maintain a suit against his employer under § 301, he must attempt to exhaust any exclusive grievance and arbitration procedures established by the collective-bargaining agreement.") Defendant explains, "Article 21 of the CBA between Giant and the Union explicitly sets forth the procedural framework for resolving 'all controversies, disputes or disagreements,'" and Plaintiff has not alleged he took any action to exhaust these grievance and arbitration procedures. (Doc. No. 8 at 7.) Consequently, Plaintiff cannot currently bring a claim under Section 301 of the LMRA in this Court.

Accordingly, for the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss. A separate Order will follow.

|  December 18, 2009  |          /s/          |
|---|---|
| Date | Alexander Williams, Jr. |
|  | United States District Judge |